UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fredrick Jackson,                                              Civil No. 16-cv-2717 (DSD/FLN)

      Petitioner,

v.                                                             **REPORT AND RECOMMENDATION**

Warden Michelle Smith, et al.,

      Respondents.

___

Frederick Jackson, *pro se*.
James Early, Jean Burdorf, and Matthew Frank for Respondent.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner's Petition for a Writ of Habeas Corpus brought 28 U.S.C. §2254 (ECF No. 1). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Petitioner's Petition for Writ of Habeas Corpus be **DENIED**.

### I.    BACKGROUND

This Court accepts the facts of this case as stated by the Minnesota Court of Appeals:

> On June 17, 2005, appellant was convicted of first-degree murder for his participation in a robbery and murder of a store clerk on October 21, 2004. Appellant appealed to the Minnesota Supreme Court, and the supreme court affirmed his conviction. *State v. Jackson*, 726 N.W.2d 454 (Minn. 2007).
> Over the next several years, appellant filed several postconviction petitions. On November 28, 2007, he petitioned the court for postconviction relief based on newly discovered evidence, including allegations of perjury, but later withdrew that petition. On January 15, 2009, appellant petitioned the district court for postconviction relief, but the district court denied the petition on May 1, 2009. On June 4, 2009, appellant again petitioned the district court for postconviction

relief, and the district court granted appellant an evidentiary hearing by order dated April 1, 2010.

Settlement discussions between appellant and the state resulted in an agreement whereby the district court would vacate appellant's conviction for first-degree murder, the state would amend the charge to aiding and abetting intentional second-degree murder in violation of Minn. Stat. § 609.19, subd. 1 (2004), the amended charge would be tried to the court on stipulated facts, and, if convicted, appellant would be sentenced to 324 months in prison. The district court, which had presided over the original first-degree murder jury trial, "reviewed the transcripts of [appellant's jury] trial several times in considering [appellant]'s post-conviction petition," and issued a written order finding appellant guilty of aiding and abetting intentional second-degree murder, sentencing him to 324 months in prison.

On January 25, 2011, Appellant again petitioned the district court for postconviction relief, alleging that newly discovered evidence after his court trial on stipulated facts warranted an evidentiary hearing. The district court denied the petition, and appellant appealed the district court's denial to our court. We dismissed the appeal for procedural deficiencies.

On March 20, 2012, appellant once again petitioned the district court for an evidentiary hearing, and again claimed to have newly discovered evidence. In his petition, appellant asserted that he had a new witness, D.S., whose testimony would prove that a trial witness, K.W., recanted her trial testimony and that another individual, L.K., and not appellant, was involved in the murder. An affidavit from D.S. was attached to the petition. Appellant supplemented his petition with affidavits from R.L. and S.A.-A. These affidavits included claims that another trial witness, D.P., had recanted. Based on the affidavits, and assuming them to be true, the district court granted the request for an evidentiary hearing on December 20, 2012.

After the district court granted the evidentiary hearing, the state investigated the claims made by appellant and the affiants. As a result of this investigation, R.L. withdrew his affidavit and, on November 20, 2013, was charged with perjury and conspiracy to commit perjury. Minneapolis Police Department (MPD) personnel interviewed D.P., who "stated that associates of [appellant] have been contacting her to try to make her sign an affidavit recanting her trial testimony and accusing L.K." D.P. confirmed the accuracy of her trial testimony to MPD personnel. D.S. also provided a new affidavit stating that "[t]he information in the 8/24/11 affidavit that I gave to [appellant] was false" and that the information in the affidavit "was prepared by [appellant] and given to me." D.S. further stated that he "did not witness any planning of the robbery or anything else on the night of the murder." S.A.-A. was charged with four criminal counts related to the affidavit he provided for appellant, and he later pleaded guilty to one count of forgery.

Based on the investigation revealing that the affidavits of D.S., R.L., and S.A.-A. provided in support of appellant's petition to have been false, the state requested that the district court find that appellant abused the legal process, an affirmative defense to appellant's postconviction opinion. The state noted that

2

> abuse-of-process claims are typically raised in the context of "inexcusable delay in asserting a claim for relief," but argued that appellant's actions "still warrant[] a finding of abuse of process" because appellant fraudulently used the judicial process to reverse his "lawfully obtained conviction."
>
> On October 20, 2014, the district court vacated its December 2012 order granting appellant an evidentiary hearing, stating that appellant's "case has evaporated" and that it was "no longer reasonably certain that any alleged recantations . . . are genuine; indeed the [district] court is reasonably certain that there have been no genuine recantations." The district court also concluded that appellant abused the legal process in the postconviction proceedings and that "[i]t is hard to conceive of a more blatant way to manipulate the process improperly to obtain an advantage." The district court determined that the abuse-of-process finding "provides an independent basis for summary dismissal" of appellant's petition.
>
> In its order denying postconviction relief, the district court declined to consider a reply memorandum submitted by appellant, stating that it was not timely filed and "it would not change this result as the Petition has been dismissed for [appellant]'s abuse of process" and stating that appellant's "new motions for discovery and to expand the scope of the hearing once again are moot and therefore denied." The district court closed its order as follows: "This Order and Memorandum are intended to dispose of all outstanding matters related to Petitioner's latest petition for post-conviction relief. Any matters or requests stated by the parties not addressed herein are denied."

*Jackson v. State*, No. A14-2191, 2–5 (Minn. Ct. App. 2015); App'x 197–201. .

On August 31, 2015, the Minnesota Court of Appeals affirmed the Hennepin County District Court's October 20, 2014, Order, denying Petitioner's petition for postconviction relief without an evidentiary hearing. Appendix 192, 207, ECF No 10 [hereinafter ("App'x")]. The Minnesota Supreme Court subsequently denied review. App'x 217. In his instant Petition, Petitioner argues that his Fourteenth Amendment Due Process and Sixth Amendment Compulsory Process rights to present a defense were violated by the Minnesota Department of Corrections Office of Special Investigation ("Department") when it coerced and intimidated Stewart, Lee, and Al-Amin, who submitted affidavits in support of Petitioner's postconviction action. *See generally* ECF No. 1. Respondents argue that the Petitioner is both procedurally barred from bringing the instant Petition and fails to raise a cognizable federal due process claim;

3

specifically, Respondent argues there is no right secured by the United States Constitution to present false testimony in a state postconviction proceeding. ECF No. 9 at 7, 9.

## II.     STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard that governs this Court's review of habeas corpus claims raised by state prisoners. The relevant portion of the AEDPA, 28 U.S.C. § 2254(d), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The United States Supreme Court discussed the meaning of this statute, and how it should be applied by the federal district courts in *Williams v. Taylor*. The Court held that:

> [A] state-court decision can be "contrary to" this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours . . . .
>
> Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 405, 413 (2000). The Court further explained the "unreasonable application" clause:

> A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant

4

state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 411.

A writ of habeas corpus may also be available where the state court's resolution of a case is based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). In other words, habeas relief may be granted if the state court's judgment is based on findings of fact that could not reasonably be derived from the evidentiary record. When reviewing a state court decision, however, a "federal court . . . presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

Therefore, a federal district court is not permitted to conduct its own *de novo* review of a habeas petitioner's constitutional claims. Habeas relief cannot be granted unless the petitioner has identified, and substantiated, a specific error committed by the state courts. Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d), as that statute has been interpreted by the Supreme Court in *Williams*. Demonstrating actionable error requires that a petitioner, as a threshold matter, present a federal question in his petition for relief. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

### III. LEGAL ANALYSIS

In the instant petition, Petitioner alleges violations of his Fourteenth Amendment Due Process and Sixth Amendment Compulsory Process rights, on the grounds that Department—in anticipation of an evidentiary hearing for Petitioner on December 22, 2012, based on newly

discovered evidence—intimidated and threatened his witnesses into changing their testimonies. ECF No. 1, 5. Specifically, Petitioner claims that the Department placed defense witnesses in segregation as punishment for providing affidavits on his behalf, that the witnesses were threatened with charges and further segregation if they stood by their affidavits, and that as a result, his evidentiary hearing was denied. *Id.* at 5–6. Petitioner requests that t*h*is Court vacate his sentence and order a new trial, or order relief as appropriate. *Id.* at 6.

### A. Jackson's due process claims are procedurally barred

The Minnesota Court of Appeals rejected Petitioner's claim that his due process rights were violated by the Department, reasoning that:

> [a]ppellant argues on appeal that witnesses were coerced and threatened, and that those witnesses who were in prison were placed in segregation as punishment and to coerce them into plea deals with the state. Appellant does not cite or reference any evidence to support these claims and we find none in the record, and we therefore do not address those arguments. *See State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006) ("An assignment of error in a brief based on 'mere assertion' and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection." (quoting *Statev. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997))), *aff'd on other grounds*, 728 N.W.2d 243 (Minn. 2007).

*Jackson*, No. A14-2191, at 7–8 n.2; App'x 203–04. In habeas proceedings, a federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "This rule applies whether the state law ground is substantive or procedural." *Id.* The state court must clearly and expressly rely on state law as a basis for its decision. *See Harris v. Reed*, 489 U.S. 255, 263 (1989). The mere existence of a basis for a state procedural bar does not deprive a federal court of jurisdiction; the state court must actually have relied on the procedural bar as an independent basis for its

disposition of the case. *See Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985) (citing *Ulster County Court v. Allen*, 442 U.S. 140, 152–154 (1979)).

Here, Jackson failed to meet the Minnesota state procedural requirement that a defendant cite legal or factual authority to support a claim. *See, e.g.*, *State v. Morrow*, 834 N.W.2d 715, 730 (Minn. 2013); *State v. Bartylla*, 755 N.W.2d 8, 22 (Minn. 2008). Because the Minnesota Court of Appeals relied on a state law ground , which was independent of the federal question, and the state law was adequately supported the Minnesota Court of Appeals' decision; this Court is procedurally barred from reviewing the decision.

### B. Petitioner does not have a federal due process or compulsory process right to present false testimony

Under the relevant portion of AEDPA, this Court can only grant a writ of habeas corpus if the state court adjudication of the claim resulted in a decision that was contrary to clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. *See Williams*, 529 U.S. at 362, 405, 413. Therefore, Petitioner's Petition fails as a matter of law. First, the Minnesota Court of Appeals decision was not contrary to clearly established Federal law. The United States Constitution does not require a state to provide for postconviction relief as part of due process. *See Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S. Ct. 1990, 1994 (1987). As the Minnesota Court of Appeals correctly pointed out, Minnesota law provides for postconviction relief by statute. *See* Minn. Stat. § 590.01–11 (2014).

Furthermore, as explained in AEDPA:

> [i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Here the Minnesota Court of Appeals' determination of the facts was reasonable based on the evidentiary record. As referenced in the Hennepin County District Court's Order denying Petitioner's request for an evidentiary hearing, the evidence record suggested that the affidavits submitted in support of Petitioner's evidentiary hearing were false. Indeed, Stewart's August 18, 2014, sworn affidavit stated that the information in his earlier August 24, 2011, affidavit was false. App'x 121. Furthermore, as the Hennepin County District Court noted ,"[a] pattern exists that the affidavits submitted by [Petitioner] were created after he had been incarcerated with the affiants." App'x 169. The Department also proffered several letters suggesting that Petitioner was attempting to obtain false affidavits. App'x 169–70. The falsity of the affidavits was further demonstrated by Al-Amin's admission and attendant guilty plea regarding his April 11, 2014, affidavit. App'x 106–19. Finally, in an affidavit dated June 19, 2014, Ronald Lee stated that he withdrew his May 10, 2011 affidavit. App'x 120.

Although Petitioner argues that this evidence was coerced by the Department, he identifies no evidence in support of that assertion. *See generally* ECF No. 1. As the Minnesota Court of Appeals correctly concluded: "appellant has no [Sixth Amendment Compulsory Process or Fourteenth Amendment] [D]ue [P]rocess right to present false information to the postconviction court . . . and appellant has no due process right to present discredited and perjured testimony in an attempt to perpetrate a fraud on the court." App'x 205. Because "[a] postconviction court is required to hold an evidentiary hearing only when there are disputed material facts that must be resolved to determine the merits of the postconviction claims," the Minnesota Court of Appeals was correct in affirming the District Court holding where no disputed material facts remained. *See Vance v. State*, 752 N.W.2d 509, 512–13 (Minn. 2008).

Neither the Sixth nor Fourteenth Amendments to the United States Constitution guarantee postconviction relief or an evidentiary hearing, and the Petitioner has failed to show by clear and convincing evidence that the factual analysis of the Minnesota Court of Appeals was incorrect. *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S. Ct. 1990, 1994 (1987); 28 U.S.C. § 2254(e)(1). Therefore, Petitioner's Petition for a Writ of Habeas Corpus under U.S.C. § 2254 must be denied.

## IV.   RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus for a Person in State Custody (ECF No. 1) be **DENIED**;

2. This matter be **DISMISSED WITH PREJUDICE**;

3. **JUDGMENT BE ENTERED ACCORDINGLY.**

It is further recommended, pursuant to 28 U.S.C. § 2254(c), that a Certificate of Appealability not be issued because Petitioner has failed to make a substantial showing of the denial of any constitutional right.


DATED: August 3, 2018                                                  *s/Franklin L. Noel*

                                                                       FRANKLIN L. NOEL
                                                                       United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 17, 2018**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.